## RODENBOUGH v. ROSEBURY.

1. An omission of the justice to certify that he granted the appeal, provided a sufficient bond be tendered to him, and be accepted upon the demand of an appeal, is not sufficient ground for the dismissal of an appeal: if a sufficient bond be tendered upon a demand of an appeal, the justice has no discretion about granting it.

2. It is competent to ask a witness if there is not a charge against witness in the plaintiff's book offered in evidence, for an article which the witness paid for at its purchase, to show the book to be incorrect. But as a single error of this kind would not destroy or impeach the book, it is no ground of reversal that the court overruled the evidence. On writ of error, a judgment will not be reversed for an erroneous ruling on a question of law, when such ruling could not have changed the result.

3. The judgment of the Court of Common Pleas upon an appeal, will not be reversed for errors by the justice in the trial before him. On an appeal, the cause is tried anew upon its merits.

---

The CHIEF JUSTICE. Charles Rodenbough and Samuel M. Rodenbough, the plaintiffs in error, appealed to the Court of Common Pleas of the county of Warren, from a judgment rendered in their favor against Rosebury, in the court for the trial of small causes. The appellee having moved to dismiss the appeal, the Court of Common Pleas denied the motion, and rendered judgment in favor of the appellant. The judgment of the Common Pleas having been removed

into the Circuit Court, was reversed, upon the ground that the appeal should have been dismissed. The plaintiffs in error now ask a reversal of the judgment of the Circuit Court.

The ground upon which it is insisted the appeal should have been dismissed, is, because the justice did not certify in his transcript that he granted the appeal, and because there was no legal evidence before the Court of Common Pleas that the appeal was granted. The justice in his transcript states, that on the 23d of May, 1851, the plaintiffs filed an appeal bond, and demanded an appeal. The appeal bond, transcript and other papers in the cause, were duly certified and returned by the justice to the next term of the Common Pleas, as required by the statute where an appeal has been demanded and granted. The statute does not require that the granting of the appeal should be entered by the justice upon his docket. The fact that he accepted the bond, and sent the papers to the appellate court, is sufficient evidence that he granted the appeal.

The statute allows the justice no discretion in granting or denying the appeal, where the requisites of the statute have been complied with by the appellant. If no appeal lies, if the appeal is not demanded in due time, or if a valid or sufficient appeal bond is not tendered, the justice may deny the appeal. *Tichenor* v. *Hewson,* 2 *Green* 26. But if the requisites of the statute have been complied with by the appellant, he cannot be deprived of his right of appeal by the arbitrary refusal of the justice to grant the appeal, or to send up the papers. *Dyer* v. *Ludlam,* 1 *Harr.* 531. The Common Pleas did not err in refusing to dismiss the appeal.

Other reasons were assigned by the plaintiff in *certiorari* for the reversal of the judgment of the Common Pleas, and which it is now insisted are sufficient to sustain the judgment of reversal pronounced by the Circuit.

1. It is said that the Court of Common Pleas overruled legal evidence, viz., the testimony of a witness who was offered to prove that there was an item charged against him in the plaintiff's books of account, which was paid for at the

time of the purchase, and that the charge was incorrect; admitting the evidence to have been strictly legal, it is obvious that no injury did or could result to the plaintiff from the decision. A single erroneous charge could not destroy the character or impeach the credibility of the plaintiff's books. Even if the court below clearly erred in the decision, the judgment will not be reversed upon writ of error, unless the evidence rejected be such as might have produced a different result. An erroneous decision upon a question of law, which could not prejudice the party's rights, is no ground of reversal. *Ayres* v. *Vanlieu*, 2 *South.* 767; *Campbell* v. *Ely*, 1 *Green* 150; *Hayden* v. *Palmer*, 2 *Hill* 205.

2. It is further objected, that there are various irregularities in the proceedings before the justice. These were not assigned as reasons for reversal before the Circuit, and consequently cannot be the subject of review in this court. In themselves, moreover, they constitute no ground for reversal. The Court of Common Pleas, upon the trial of an appeal, sits not for the correction of errors, but for the re-trial of the cause upon its merits. *Cheeseman* v. *Leonard*, 2 *Penn.* 549; *Martin* v. *Thomson*, 5 *Hals.* 142; *Strader* v. *Chosen Freeholders*, 3 *Green* 433; *Vannoy* v. *Givens*, 3 *Zab.* 201.

The judgment of the Circuit Court must be reversed.